**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CAUSE OF ACTION<br>1919 Pennsylvania Avenue, NW, Suite 650<br>Washington, D.C. 20006, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| INTERNAL REVENUE SERVICE<br>1111 Constitution Avenue, NW<br>Washington, D.C. 20224, | )<br>)<br>)<br>) |
| OFFICE OF MANAGEMENT AND BUDGET<br>725 17th Street, NW<br>Washington, D.C. 20503, | )<br>)<br>)<br>) |
| UNITED STATES DEPARTMENT OF<br>  DEFENSE<br>1400 Defense Pentagon<br>Washington, D.C. 20301, | )<br>)<br>)<br>)<br>) |
| UNITED STATES DEPARTMENT OF<br>  ENERGY<br>1000 Independence Avenue, SW<br>Washington, D.C. 20585, | )<br>)<br>)<br>)<br>) |
| UNITED STATES DEPARTMENT OF<br>  HEALTH AND HUMAN SERVICES<br>200 Independence Avenue, SW<br>Washington, D.C. 20201, | )<br>)<br>)<br>)<br>) |
| UNITED STATES DEPARTMENT OF<br>  HOMELAND SECURITY<br>245 Murray Lane, SE<br>Washington, D.C. 20528, | )<br>)<br>)<br>)<br>) |
| UNITED STATES DEPARTMENT OF<br>  HOUSING AND URBAN DEVELOPMENT<br>451 7th Street, SW<br>Washington, D.C. 20410, | )<br>)<br>)<br>)<br>) |

| | |
|---|---|
| UNITED STATES DEPARTMENT OF   JUSTICE<br>950 Pennsylvania Avenue, NW<br>Washington, D.C. 20530, | )<br>)<br>)<br>) |
| UNITED STATES DEPARTMENT OF STATE<br>2201 C Street, NW<br>Washington, D.C. 20520, | )<br>)<br>)<br>) |
| UNITED STATES DEPARTMENT OF   TRANSPORTATION<br>1200 New Jersey Avenue, SE<br>Washington, D.C. 20590, | )<br>)<br>)<br>) |
| UNITED STATES DEPARTMENT OF THE   TREASURY<br>1500 Pennsylvania Avenue, NW<br>Washington, D.C. 20220, and | )<br>)<br>)<br>)<br>) |
| UNITED STATES DEPARTMENT OF   VETERANS AFFAIRS<br>810 Vermont Avenue, NW<br>Washington, D.C. 20420, | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## COMPLAINT

This is an action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), seeking access to agency records requested by Plaintiff Cause of Action ("CoA") and improperly stonewalled by Defendants Internal Revenue Service ("IRS"), Office of Management and Budget ("OMB"), United States Department of Defense ("DOD"), United States Department of Energy ("DOE"), United States Department of Health and Human Services ("HHS"), United States Department of Homeland Security ("DHS"), United States Department of Housing and Urban Development ("HUD"), United States Department of Justice ("DOJ"), United States Department of State ("DOS"), United States Department of Transportation ("DOT"), United States

2

Department of the Treasury ("DOTRES"), and United States Department of Veterans Affairs ("VA") (collectively, "Defendants").

## NATURE OF ACTION

1. In 2013, CoA learned of a previously undisclosed White House memorandum from April 2009 written by the then-Counsel to the President, in which the White House advised *all* federal agency and department general counsels to consult with the White House on *all* document requests that may involve documents with "White House equities." *See* Ex. 1 (the "Craig Memo"). The phrase "White House equities" was and still is not defined by the White House or other authority, but federal FOIA officials have reported that agencies consult with the White House when requested records are politically sensitive or embarrassing to the Administration. *See, e.g.*, Jeffrey Scott Shapiro, *Worse than Nixon? Obama White House Accused of Hiding Public Information*, THE WASH. TIMES (June 30, 2014), http://www.washingtontimes.com/news/ 2014/jun/30/white-house-censors-and-slows-release-of-informati/?page=all.

2. In so doing, the White House is demanding access to records and otherwise influencing agencies' FOIA obligations to produce responsive documents in a manner that is not countenanced by the law. Indeed, the "most transparent administration in history" has injected itself into a process (FOIA) presumably to self-regulate what agency records are produced to the public, when that process exists solely so that "citizens [may] know 'what their Government is up to.'" Moreover, agencies themselves recognize their obligation to produce records to the public *unless* an enumerated exemption or special record exclusion applies -- no such exemption or exclusion exists because the White House does not want the public to know of a document.

3.      Concerned with the White House's involvement in this process, CoA sent FOIA requests to Defendants seeking records of communications between agency officials and the White House in connection with requests for documents by Congress and/or FOIA requestors to those agencies (without actually asking for the voluminous documents themselves).

4.      By an average of eight months, and some as long as fourteen months, Defendants have continued to delay in producing responsive documents and not a single Defendant has made a final determination as to CoA's FOIA requests.

5.      As a result, CoA has no choice but to file this lawsuit to obtain an Order requiring each Defendant to comply with its obligations under FOIA to make a final determination and produce all responsive documents.

## JURISDICTION AND VENUE

6.      The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 and 5 U.S.C. §§ 552(a)(4)(B), (a)(6)(E)(iii).

7.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(e) and 5 U.S.C. § 552(a)(4)(B).

## PARTIES

8.      CoA is a nonpartisan, non-profit organization that uses public advocacy and legal reform strategies to ensure greater transparency in the Government and to protect taxpayer interests and economic freedom.  In furtherance of its public interest mission, CoA regularly requests access to the public records of federal government agencies, entities, and offices, and disseminates its findings to the public.

9.      Each Defendant is an agency within the meaning of 5 U.S.C. § 552(f)(1).

**STATEMENT OF FACTS**

A.  **THE CRAIG MEMO**

10. By a White House memorandum dated April 15, 2009, the Counsel to the President, Gregory Craig, advised the general counsels of all federal agencies to consult with the Office of White House Counsel "on all document requests that may involve documents with White House equities." *See* Ex. 1.

11. The Craig Memo further explains that "[t]his need to consult with the White House arises with respect to all types of document requests, including Congressional committee requests, GAO requests, judicial subpoenas, and FOIA requests." *Id*.

12. The White House consultation process set forth in the Craig Memo delays the ability of federal agencies to timely respond to FOIA requests. *See, e.g.*, C.J. Ciaramella, *Report: White House Review Hindering FOIA Releases*, FREE BEACON (March 21, 2014), http://freebeacon.com/issues/report-white-house-review-hindering-foia-releases/ (reporting that the White House held up one journalist's FOIA request for two years); Mark Tapscott, *"Most Transparent" White House Ever Rewrote the FOIA to Suppress Politically Sensitive Docs*, THE WASH. TIMES (March 18, 2014), http://washingtonexaminer.com/most-transparent-white-house-ever-rewrote-the-foia-to-suppress-politically-sensitive-docs/article/2545824 (same).

13. The White House has not disclosed the Craig Memo on its website. *See* http://www.whitehouse.gov/briefing-room/presidential-actions/presidential-memoranda (last visited August 15, 2014).

14. None of the Defendants have disclosed the Craig Memo on their FOIA websites. *See* INTERNAL REVENUE SERV., http://www.irs.gov/uac/IRS-Freedom-of-Information (last visited August 15, 2014); OFFICE OF MGMT. & BUDGET, http://www.whitehouse.gov/omb/ foia_default

(last visited August 15, 2014); U.S. DEP'T OF DEF., http://www.dod.mil/pubs/foi/ (last visited August 18, 2014); U.S. DEP'T OF ENERGY, http://energy.gov/management/office-management/operational-management/freedom-information-act (last visited August 15, 2014); U.S. DEP'T OF HEALTH & HUMAN SERV., http://www.hhs.gov/foia/ (last visited August 15, 2014); U.S. DEP'T OF HOMELAND SEC., http://www.dhs.gov/freedom-information-act-foia (last visited August 15, 2104); U.S. DEP'T OF HOUS. & URBAN DEV., http://portal.hud.gov/hudportal/HUD?src=/program_offices/administration/foia (last visited August 15, 2014); U.S. DEP'T OF JUSTICE; http://www.justice.gov/oip/ (last visited August 15, 2014); U.S. DEP'T OF STATE, http://foia.state.gov/ (last visited August 15, 2014); U.S. DEP'T OF TRANSP., http://www.dot.gov/foia (last visited August 15, 2014); U.S. DEP'T OF THE TREASURY, http://www.treasury.gov/FOIA/Pages/index.aspx (last visited August 15, 2014); U.S. DEP'T OF VETERANS AFFAIRS, http://www.foia.va.gov/ (last visited August 15, 2014).

15. None of the Defendants' FOIA regulations refer to consultations with the Office of White House Counsel, which is not a federal agency. *See* 26 C.F.R. § 601.702 (IRS); 5 C.F.R. §§ 1303.1-1303.70 (OMB); 32 C.F.R. Pt. 286 (DOD); 10 C.F.R. §§ 1004.1-1004.12 (DOE); 45 C.F.R. §§ 5.1-5.69 (HHS); 6 C.F.R. §§ 5.1-5.12 (DHS); 24 C.F.R. Pt. 15 (HUD); 28 C.F.R. Pt. 16 (DOJ); 22 C.F.R. §§ 171.10-171.17 (DOS); 49 C.F.R. Pt. 7 (DOT); 31 C.F.R. §§ 1.1.-1.7 (DOTRES); 38 C.F.R. §§ 1.550-1.562 (VA).

**B.    COA'S FOIA REQUESTS**

16. In order to shed light on the White House's opaque vetting of agency records, CoA sent substantially similar FOIA requests to Defendants, as described in detail below, seeking records of communications between certain agency officials and the Office of White House Counsel.

## C. DEFENDANTS' RESPONSES TO COA'S FOIA REQUESTS

### IRS – Failure to Produce Responsive Documents for 14 Months

17. CoA submitted a FOIA request to the IRS on May 29, 2013, seeking access to:

> All records, including but not limited to e-mails, letters, meeting records, and phone records, reflecting communications between IRS FOIA staff or IRS Chief Counsel's office and the White House Counsel's office concerning records forwarded by the IRS for White House review in connection with document requests by Congress, the U.S. Government Accountability Office, or FOIA requesters.

Ex. 2. The time period for CoA's FOIA request was "January 2009 to the present." *Id.*

18. By letter dated June 25, 2013, the IRS acknowledged that it had received CoA's FOIA request on June 5, 2013. *See* Ex. 3. The IRS invoked a ten-day extension of time to July 18, 2014, in order to "search for, collect, and review responsive records from other locations." *Id.* The IRS purported to further extend the response deadline to August 16, 2013, and indicated that CoA's failure to reply to its letter would be considered an agreement to the extension of time. *Id.*

19. The IRS failed to make a determination as to CoA's FOIA request by August 16, 2013, even though the IRS self-extended its deadline and made that date as the new deadline. Rather, by letter dated August 13, 2013, the IRS notified CoA that it needed at least another six weeks, until September 27, 2014, to complete CoA's FOIA request. *See* Ex. 4 (all of IRS's extension letters, chronologically).

20. Over the course of the following nearly eleven months (and to this day), the IRS continuously has failed to meet its own moving response deadlines. On September 23, 2013, the IRS informed CoA that it would not meet its September 27, 2013 deadline and that it needed at least another two months, until December 20, 2013, to complete CoA's FOIA request. *Id.*

7

21. This pattern continued on December 10, 2013, when the IRS notified CoA that would not meet its December 20, 2013 deadline and that it needed at least another three months, until March 20, 2014, to complete CoA's FOIA request. *Id.*

22. The New Year did not bring glad tidings for CoA's FOIA request. By letter dated March 18, 2014, the IRS informed CoA that it would not meet its March 20, 2014 deadline and that it needed at least another three months, until June 20, 2014, to complete CoA's FOIA request. *Id.*

23. On June 17, 2014, the IRS informed CoA that it had failed (for the fifth time) to meet its own response deadline, and that it needed at least another three months, until September 19, 2014, to complete CoA's FOIA request. *Id.*

24. More than fourteen months have passed since the IRS received CoA's FOIA request.

25. As of the date of this Complaint, the IRS has not released a single responsive document or made a final determination as to CoA's FOIA request.

**<u>OMB – Failure to Produce Responsive Documents for 3 Months</u>**

26. CoA submitted a FOIA request to OMB on May 7, 2014, seeking access to:

(1) All correspondence, including but not limited to email, sent to or from [former OMB General Counsel] Ms. Bansal concerning the Craig Memo between April 15, 2009 and July 31, 2011; and

(2) All records reflecting communications between: (a) The Office of White House Counsel and OMB employees who process FOIA requests; and (b) The Office of White House Counsel and OMB's Office of General Counsel, concerning the Office of White House Counsel's review of agency records.

Ex. 5. The time period for CoA's FOIA request was "May 1, 2012 to May 7, 2014." *Id.* CoA's FOIA request noted that CoA did "<u>not</u> seek access to the actual records that were forwarded to

8

the Office of White Counsel, but only to records that reflect that such consultations occurred (for example cover emails)." *Id.*

27. By email dated May 14, 2014, OMB acknowledged that it had received CoA's FOIA request on May 9, 2014. *See* Ex. 6.

28. More than three months have passed since OMB received CoA's FOIA request.

29. As of the date of this Complaint, OMB has not released a single responsive document or made a final determination as to CoA's FOIA request.

### DOD – Failure to Produce Responsive Documents for 12 Months

30. CoA submitted a FOIA request to DOD on August 9, 2013, seeking access to:

> All communications between the Office of White House Counsel and [Office of the Secretary of Defense and Joint Staff] FOIA personnel or the Department of Defense (DoD) Office of General Counsel concerning the Office of White House Counsel's review of DoD records.

Ex. 7 (footnote omitted). The time period for CoA's FOIA request was "August 2011 to the present." *Id.* CoA's FOIA request noted that CoA did "not seek access to the actual documents forwarded to the Office of White House Counsel for review, but only to the records that establish that such consultations occurred (for example, cover e-mails)." *Id.*

31. By email dated August 13, 2013, DOD acknowledged that it had received CoA's FOIA request and that it would not be able to process it "quickly" due to "unusual circumstances." *See* Ex. 8.

32. More than twelve months have passed since DOD received CoA's FOIA request.

33. As of the date of this Complaint, DOD has not released a single responsive document or made a final determination as to CoA's FOIA request.

### DOE – Failure to Produce Responsive Documents for 13 Months

34. CoA submitted a FOIA request to DOE on June 26, 2013, seeking access to:

9

> All records reflecting communications between DOE FOIA personnel or DOE's Office of General Counsel and the White House Counsel's office wherein DOE sought White House review of documents requested by Congress, the U.S. Government Accountability Office, or FOIA requesters.

Ex. 9. The time period for CoA's FOIA request was "January 2009 to the present." *Id.* CoA's FOIA request noted that CoA did "not seek access to the actual documents forwarded by DOE to the White House for review, but only to the records which demonstrate that such referrals occurred (for example, cover e-mails)." *Id.*

35. By letter dated July 1, 2013, DOE acknowledged that it had received CoA's FOIA request. *See* Ex. 10.

36. More than thirteen months have passed since DOE received CoA's FOIA request.

37. As of the date of this Complaint, DOE has not released a single responsive document or made a final determination as to CoA's FOIA request.

### HHS – Failure to Produce Responsive Documents for 12 Months

38. CoA submitted a FOIA request to HHS on August 9, 2013, seeking access to:

> All communications between the Office of White House Counsel and the Department's 'FOI/Privacy Acts Division' or Office of General Counsel concerning the Office of White House Counsel's review of agency documents.

Ex. 11. The time period for CoA's FOIA request was "August 2011 to the present." *Id.* CoA's FOIA request noted that CoA did "not seek access to the actual documents forwarded to the Office of White House Counsel for review, but only to the records that reflect that such consultations occurred (for example, cover e-mails)." *Id.*

39. By email dated August 13, 2013, HHS acknowledged that it had received CoA's FOIA request. *See* Ex. 12.

40. More than twelve months have passed since HHS received CoA's FOIA request.

41. As of the date of this Complaint, HHS has not released a single responsive document or made a final determination as to CoA's FOIA request.

**DHS – Failure to Produce Responsive Documents for 8 Months**

42. CoA submitted a FOIA request to DHS on August 9, 2013, seeking access to:

> records reflecting all communications between (1) The Office of White House Counsel and the U.S. Department of Homeland Security (DHS) Privacy Office, and (2) The Office of White House Counsel and the DHS Office of the General Counsel, concerning the Office of White House Counsel's review of agency records.

Ex. 13 (footnote omitted). The time period for CoA's FOIA request was "January 1, 2012 to the present." *Id.* CoA's FOIA request noted that CoA did "not seek access to the actual records that were forwarded to the Office of White House Counsel for review, but only to records that reflect that such consultations occurred (for example, cover e-mails)." *Id.*

43. By letter dated December 6, 2013, DHS acknowledged that it had received CoA's FOIA request. *See* Ex. 14.

44. At the same time, DHS granted CoA's request to be recognized as a representative of the news media for fee purposes, and it "conditionally" granted CoA's request for a fee waiver. *See id.* Later that same day, however, DHS reversed its position and informed CoA that it now believed CoA was not a representative of the news media, but rather a "non-commercial requester." *See* Ex. 15. CoA filed a timely appeal of this fee category determination, which was remanded and then affirmed by DHS.

45. More than eight months have passed since DHS received CoA's FOIA request.

46. As of the date of this Complaint, DHS has not released a single responsive document or made a final determination as to CoA's FOIA request.

11

**HUD - Failure to Produce Responsive Documents for 8 Months**

47.     CoA submitted a FOIA request to HUD on November 26, 2013, seeking access to:

> records reflecting communications between (1) The Office of White House Counsel and the U.S. Department of Housing and Urban Development (HUD) FOIA Office, and (2) The Office of White House Counsel and the HUD Office of the General Counsel, concerning the Office of White House Counsel's review of agency records.

Ex. 16 (footnote omitted).  The time period for CoA's FOIA request was "January 1, 2012 to the present."  *Id.*  CoA's FOIA request noted that CoA did "not seek access to the actual records that were forwarded to the Office of White House Counsel for review, but only to records that reflect that such consultations occurred (for example, cover e-mails)."  *Id.*

48.     By letter dated December 27, 2013, HUD acknowledged that it had received CoA's FOIA request on December 3, 2013.  Ex. 17.

49.     Nearly four months later, on April 21, 2014, HUD informed CoA that it was entitled to extend the statutory time within which to respond to CoA's request due to an ongoing search for responsive records.  Ex. 18.  HUD stated that its search and review "should be completed within the next 15 to 20 days."  *Id.*

50.     More than eight months have passed since HUD received CoA's FOIA request.

51.     As of the date of this Complaint, HUD has not released a single responsive document or made a final determination as to CoA's FOIA request.

**DOJ - Failure to Produce Responsive Documents for at least 6 Months**

52.     CoA submitted separate but virtually identical FOIA requests to DOJ's Office of Information Policy ("OIP") and DOJ's Office of Legal Counsel ("OLC") on November 26, 2013 and February 10, 2014, respectively, seeking access to:

> records reflecting all communications between (1) the Office of White House Counsel and [OIP or OLC], and (2) The Office of White House Counsel and the DOJ Office of the General Counsel, concerning the Office of White House Counsel's review of agency records.

Exs. 19-20, respectively (footnotes omitted). The time period for CoA's FOIA requests was "January 1, 2012 to the present." *Id.* CoA's FOIA requests noted that CoA did "not seek access to the actual records that were forwarded to the Office of White House Counsel for review, but only to records that reflect that such consultations occurred (for example, cover e-mails)." *Id.*

53. By letter dated January 7, 2014, OIP acknowledged that it had received CoA's FOIA request on December 5, 2013. *See* Ex. 21. OIP further stated that DOJ did not have an "Office of the General Counsel." *Id*. CoA did not receive OIP's letter until February 7, 2014.

54. By letter dated March 10, 2014, OLC acknowledged that it had received CoA's FOIA request. Ex. 22.

55. More than eight months have passed since OIP received CoA's FOIA request.

56. More than six months have passed since OLC received CoA's FOIA request.

57. As of the date of this Complaint, neither OIP nor OLC has released a single responsive document or made a final determination as to CoA's FOIA requests.

**DOS - Failure to Produce Responsive Documents for 8 Months**

58. CoA submitted a FOIA request to DOS on November 26, 2013, seeking access to:

> records reflecting communications between (1) the Office of White House Counsel and the U.S. Department of State (DOS) Office of Information Programs and Services, and (2) The Office of White House Counsel and the DOS Office of the Legal Adviser, concerning the Office of White House Counsel's review of agency records.

Ex. 23 (footnote omitted). The time period for CoA's FOIA request was "January 1, 2012 to the present." *Id.* CoA's FOIA request noted that CoA did "not seek access to the actual records that

were forwarded to the Office of White House Counsel for review, but only to records that reflect that such consultations occurred (for example, cover e-mails)." *Id.*

59. By email dated November 26, 2013, DOS acknowledged that it had received CoA's FOIA request. *See* Ex. 24.

60. More than eight months have passed since DOS received CoA's FOIA request.

61. As of the date of this Complaint, DOS has not released a single responsive document or made a final determination as to CoA's FOIA request.

### **DOT - Failure to Produce Responsive Documents for 8 Months**

62. CoA submitted a FOIA request to DOT on November 26, 2013, seeking access to:

> records reflecting communications between (1) The Office of White House Counsel and the U.S. Department of Transportation (DOT) Departmental FOIA Office, and (2) The Office of White House Counsel and the DOT Office of the General Counsel, concerning the Office of White House Counsel's review of agency records.

Ex. 25 (footnote omitted). The time period for CoA's FOIA request was "January 1, 2012 to the present." *Id.* CoA's FOIA request noted that CoA did "not seek access to the actual records that were forwarded to the Office of White House Counsel for review, but only to records that reflect that such consultations occurred (for example, cover e-mails)." *Id.*

63. By letter dated December 18, 2013, DOT acknowledged that it had received CoA's FOIA request. *See* Ex. 26.

64. More than eight months have passed since DOT received CoA's FOIA request.

65. As of the date of this Complaint, DOT has not released a single responsive document or made a final determination as to CoA's FOIA request.

### **DOTRES - Failure to Produce Responsive Documents for 3 Months**

66. CoA submitted a FOIA request to DOTRES on May 6, 2014, seeking access to:

14

> records reflecting communications between (1) The Office of White House Counsel and the Department of the Treasury's (Treasury) Office of Disclosure Services, and (2) the Office of White House Counsel and the Treasury's Office of the General Counsel (including the Office of Chief Counsel for the Office of Financial Stability), concerning the Office of White House Counsel's review of agency records.

Ex. 27 (footnote omitted).  The time period for CoA's FOIA request was "January 1, 2010 to January 1, 2013."  *Id.*  CoA's FOIA request noted that CoA did "not seek access to the actual records that were forwarded to the Office of White House Counsel for review, but only to records that reflect that such consultations occurred (for example, cover e-mails)."  *Id.*

67. By letter dated May 7, 2014, DOTRES acknowledged that it received CoA's FOIA request.  *See* Ex. 28.

68. More than three months have passed since DOTRES received CoA's FOIA request.

69. As of the date of this Complaint, DOTRES has not released a single responsive document or made a final determination as to CoA's FOIA request.

**VA - Failure to Produce Responsive Documents for 8 Months**

70. CoA submitted a FOIA request to the VA on November 26, 2013, seeking access to:

> records reflecting all communications between (1) The Office of White House Counsel and the U.S. Department of Veterans Affairs (VA) Central FOIA Office, and (2) The Office of White House Counsel and the VA Office of the General Counsel, concerning the Office of White House Counsel's review of agency records.

Ex. 29 (footnote omitted).  The time period for CoA's FOIA request was "January 1, 2012 to the present."  *Id.*  CoA's FOIA request noted that CoA did "not seek access to the actual records that were forwarded to the Office of White House Counsel for review, but only to records that reflect that such consultations occurred (for example, cover e-mails)."  *Id.*

15

71.     Nearly three months later, by letter dated February 21, 2014, the VA belatedly acknowledged that it had received CoA's FOIA request.  *See* Ex. 30.

72.     By letter dated June 20, 2014, the VA's Office of the Secretary informed CoA that it was unable to locate any records in its files that were responsive to CoA's FOIA request. *See* Ex. 31.  It further informed CoA that the VA's Office of General Counsel was still searching for responsive records.  *Id.*

73.     Upon information and belief, more than eight months have passed since the VA received CoA's FOIA request.

74.     As of the date of this Complaint, the VA has not released a single responsive document or made a final determination as to CoA's FOIA request.

## COUNT I
### (All Defendants)
### Violation of FOIA:  Failure to Comply with Statutory Deadlines

75.     Paragraphs 1 through 74 above are hereby incorporated by reference as if set forth fully herein.

76.     FOIA requires agencies to respond to requests within twenty business days or, in "unusual circumstances," within thirty business days.  5 U.S.C. §§ 552(a)(6)(A)-(B).  If additional time is needed by an agency, FOIA mandates that the agency *shall* provide the requestor "***an opportunity to arrange with the agency an alternative time frame*** for processing the request[.]"  *Id.* § 552(a)(6)(B)(ii) (emphasis added).

77.     Each Defendant has improperly denied access to agency records requested by CoA by failing to make a determination as to CoA's FOIA request within the statutory time limit set forth in 5 U.S.C. §§ 552(a)(6)(A)-(B).

78. Moreover, each Defendant, without exception and almost as a matter of business practice, demanded time beyond the thirty business days provided under FOIA to make a determination as to CoA's FOIA request. In so doing, with one exception (DOJ/OIP), no Defendant complied with FOIA to work with CoA to "arrange . . . an alternative time frame[.]" *See* 5 U.S.C. § 552(a)(6)(B)(ii). Rather, with limited exception, the Defendants did not even notify CoA of the self-extensions (often multiple such self-extensions). Under the circumstances and given the language used in Defendants' letters, CoA did not believe that it had the ability to "arrange . . . an alternative time frame" with any Defendant.

79. CoA has fully exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C) with respect to its FOIA request.

**RELIEF REQUESTED**

WHEREFORE, CoA respectfully requests and prays that this Court:

a.  order each of the Defendants to make a final determination and produce, within 30 days of the date of the Order, all records responsive to CoA's FOIA requests, respectively;

b.  award CoA its costs and reasonable attorney fees incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

c.  grant such other relief as the Court may deem just and proper.

Dated: August 18, 2014                                    Respectfully submitted,

/s/ *Prashant K. Khetan*
Prashant K. Khetan
D.C. Bar No. 477636
prashant.khetan@causeofaction.org

/s/ *Allan Blutstein*
Allan Blutstein
D.C. Bar No. 486156
allan.blutstein@causeofaction.org

CAUSE OF ACTION
1919 Pennsylvania Avenue, NW, Suite 650
Washington, D.C. 20006
Telephone: (202) 499-4232
Facsimile: (202) 330-5842

*Counsel for Plaintiff,*
*Cause of Action*